JOHN PAYNE v. THE STATE.

No. 13677.   Delivered November 26, 1930.
Rehearing denied January 21, 1931.
Reported in 34 S. W. (2d) 273.

The opinion states the case.

*Wynne & Wynne* of Wills Point and *Jones & Jones* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, perjury; penalty, two years in the penitentiary.

The charge in the instant case grew out of testimony given by appellant at the trial of one Gordon Williams, who was under indictment and on trial for the unlawful sale to Grover Wilson of intoxicating liquor. Perjury is assigned upon a statement alleged to have been then made under oath by Payne to the effect in substance that he was present at the time of said alleged sale and that Grover Wilson did not at such time get any whiskey in Gordon Williams' place of business. The State introduced Grover Wilson in the trial of this case against appellant for perjury, who testified in substance that he in company with Mr. Douglass, the Sheriff, went to Gordon Williams' place of business and he there purchased from him a bottle of whiskey while the Sheriff waited outside in an automobile and that he immediately took same to the car and delivered it to the Sheriff. The Sheriff gave testimony corroborating this. It was also shown that on Wednesday night following this occurrence on Sunday night the officers raided the place of business of Gordon Williams and there found a large quantity of

whiskey in bottles with the same character of tops and of the same kind as that shown to have been purchased by Grover Wilson. The bottles of whiskey obtained in this raid, as well as the bottle alleged to have been purchased by Wilson, were introduced in evidence.

It is claimed the evidence is insufficient. While only one witness was introduced showing directly the falsity of Payne's testimony, we regard the facts and circumstances as sufficiently corroborative of this witness to meet the demands of the law. Art. 723, Vernon's Tex. C. C. P. (1925), and authorities there collated.

Many bills of exception appear in the record presenting the question of the alleged inadmissibility of the evidence of officers touching the result of the search of the premises of Gordon Williams on the Wednesday night following the alleged transaction upon which perjury is based that happened the preceding Sunday night. This testimony was offered in corroboration of the State's witness. It was so related in point of time and place to the offense charged as to make it admissible. McDonough v. State, 47 Tex. Crim. Rep. 234; Branch's P. C., Sec. 857. The fact that Williams was shown to be in possession of a large quantity of pint bottles of whiskey of the same kind and description purchased by Wilson at or about the same time tended strongly to corroborate the testimony of the State's witness as to the alleged purchase.

Other contentions of appellant have been carefully examined and are believed to be without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant raises several of the questions already passed on. We have carefully examined all of same and reviewed the entire record.

The exact statement of appellant, made in his testimony in behalf of Gordon Williams when the latter was on trial for selling whisky to Grover Wilson, upon the alleged falsity of which this

prosecution for perjury is predicated, was that Grover Wilson did not on September 30, 1928, "Get any whisky in there (meaning Gordon Williams' place of business) from Gordon Williams." Appellant seems to urge a variance, and also a failure in the court's charge, upon suggestion that at the time alleged he was talking of and referring to a room in Williams' place of business other than the one in which Wilson claimed to have gotten the whisky. The testimony of appellant, given on Williams' trial and reproduced on this one, does not bear out any such contention. After saying he was at Williams' place of business on September 30, 1928, he was asked: "Q. Did you see Wilson come in? A. Yes, sir. Q. Were you in the same room that he came in? A. Yes, sir." After detailing how Wilson asked Williams to sell him a pint of whisky, and Williams said he did not have it, and that if Wilson got any whisky he, appellant, did not see it, he was asked: "Q. Could you have seen it? A. I could if he had got it in there. He didn't get any in there. Q. Did he leave and go out? A. Yes." The above makes evident the fact that appellant testified to being in the same room in which Wilson was, at the time of his conversation and transaction with Williams.

There are complaints of the charge in other matters, a discussion of which would be of no value to the profession, and would not serve to make clear our conclusion that the contentions are without merit.

Appellant goes over most of the complaints made in his various bills of exception, practically all of which were referred to in our original opinion. No testimony was introduced by appellant in any way controverting that offered by the State as affecting the question of appellant's guilt. The only testimony offered by appellant was such as shed light on his good reputation. Wilson testified on this trial positively that he bought a pint bottle of whisky from Williams on the occasion referred to. The credibility of this witness was not attacked in any way. The sheriff of the county testified that he went with Wilson to Williams' place of business, furnished Wilson money with which to buy whisky, sat in a car outside while Wilson went in, had been with Wilson when the latter changed clothes just before going to Williams' place, received from Wilson the bottle of whisky and two bottles of beer when the latter came out of Williams' place; that Wilson had no whisky or other liquor when they came to Williams' place. In addition to this testimony which of itself seems to fully corroborate

Wilson, the State further proved that on Wednesday after the purchase on Sunday by Wilson, appellant's place of business was raided and there was found in it a large quantity of intoxicating liquor, some at least of it being whisky in bottles similar to that in which Wilson received the pint of whisky he claimed to have bought from Williams. The testimony seems overwhelmingly to corroborate Wilson. There being before the jury no testimony on behalf of appellant, and the State's case being thus made out, and appellant having been given by the jury the lowest penalty, it would seem idle for us to discuss the proposition that slight errors of procedure, even if such be conceded, would call for a reversal of the case.

The motion for rehearing will be overruled.

*Overruled.*